# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF ROBERT GRAYSON, BAR NO. 231.

No. 70396

FILED

SEP 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review, pursuant to SCR 105(3)(b), of a Northern Nevada Disciplinary Board hearing panel's findings that attorney Robert Grayson violated multiple Rules of Professional Conduct and its recommendation that Grayson be fined $784 and suspended from the practice of law for six months and one day beginning on September 19, 2016, which is the day his current suspension expires.

In March 2015, Michele O'Brien retained Grayson to prepare a joint petition for divorce and paid him $500 and an additional $284 filing fee. Grayson never filed the petition. After he failed to respond to her numerous phone calls and emails, O'Brien drove by his office in May 2015 and saw a sign stating that Grayson had closed his practice. O'Brien is currently still married because she is now unaware of her husband's location and she never received a copy of the signed joint petition for divorce from Grayson.

In a prior disciplinary matter, Grayson was suspended from the practice of law in Nevada on September 18, 2015, for a period of 12

16-28196

months after he failed to respond to a client's communication attempts, failed to file an action on behalf of the client, and failed to respond to the bar complaint or appear at the formal hearing. *Discipline of Grayson,* Docket No. 67621 (Order of Suspension, Sept. 18, 2015). Grayson has also failed to respond to the underlying bar complaint here, despite the State Bar's numerous attempts to contact him. Thus, a default was entered against him and all the charges were deemed admitted. SCR 105(2).

The hearing panel found, by clear and convincing evidence, that Grayson violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 8.1(b) (bar admission and disciplinary matters). The panel also found that there were no mitigating factors and two aggravating factors: (1) Grayson's prior disciplinary offenses, and (2) Grayson's failure to respond to his client or the State Bar in the underlying matter and in the disciplinary matter. SCR 102.5(1)(a), (e). We conclude that there is clear and convincing evidence in the record before us that demonstrates that Grayson committed the violations of the Rules of Professional Conduct as found by the hearing panel, and that the panel's recommendation is appropriate. *See* SCR 105(3)(b) (providing that this court's automatic review of a disciplinary panel's recommendations is de novo); *In re Discipline of Drakulich,* 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995) (explaining that the State Bar has the burden of showing by clear and convincing evidence that the violations were committed).

Accordingly, attorney Robert Grayson is hereby suspended from the practice of law for six months and one day beginning on September 19, 2016. At the completion of his term of suspension, Grayson shall comply with SCR 116 upon any petition for reinstatement.

Additionally, Grayson must pay a fine of $784 and the costs of the bar proceedings in the amount of $500 plus the costs of the court reporter and the mailing costs to the State Bar within 30 days of the filing of this order. The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc:  Chair, Northern Nevada Disciplinary Board
     Robert A. Grayson
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court